# Lawrence's Executrix v. Lawrence et al.

(Decided November 14, 1930.)

AUD & HIGDON for appellant.

G. D. CHAMBERS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment of the Hancock circuit court which sustained in part exceptions to the settlement of the executrix of A. C. Lawrence, deceased.

A. C. Lawrence died testate on March 6, 1928. His will, which was in his own handwriting, reads as follows:

"May 9th, 1926.

"This is my last will and testimony of A. C. Lawrence considering the uncertainty of this mortal life and being of sound mind and memory do make and cause to be published this my last will and testimony in manner and form as follows. First, if any of my heirs complain or reject this will or put up any complaint of my self or this will they are deprived of any part whatsoever it may bee.

"I, hereby bequeath may Edna Dixon my household furniture bedding and all concerned she shall controll my affairs on my last days also see that my expenses is paid and she shall have $500. for my keep and burial expenses the balance of my money to be divided between the satisfied heirs equally.

And if any objections is made then their part is to be null and void.

"names of my bodily heirs May Edna Dixon, Janey A. Tongate Arta Ray, Bettie Adkins, Artimus Lawrence, John H. Lawrence. I have given May Edna Dixon my executrix with power to execute my business without bond.

"A. C. Lawrence.

"Witness Signature January 18, 1928.

"P. L. Berkshire, M. D.

"W. O. Johnson."

Appellant, Mae Edna Dixon, qualified as executrix, and on December 31, 1928, filed in the office of the clerk of the Hancock county court her settlement, which showed receipts of $613 and disbursements, including the bequest of $500 paid to herself, amounting to $586.90, leaving a balance on hand of $26.10 for distribution among the six children of the testator. Four of the children, who are the appellees here, filed exceptions to the settlement which were sustained in part. The executrix appealed to the circuit court, where the judgment was substantially the same as the judgment of the county court.

On the proof heard by him the circuit judge found the facts as follows:

"1. That Mae Edna Dixon, executrix of A. C. Lawrence, deceased, has in her hands the sum of three hundred dollars in cash, in addition to the $500.00 specifically bequeathed to her by said A. C. Lawrence, and the $100.00 collected by her on the burial certificate mentioned in her settlement, with which she is not charged in her settlement.

"2. That she appropriated to her own use, clothing belonging to the estate of her testator, A. C. Lawrence of the value of $50.00, no part of which she is charged with in her settlement.

"3. That she appropriated or disposed of tools belonging to said estate of the value of $50.00, no part of which she is charged with in her said settlement.

"4. That she has a camera and porch swing in her possession which belong to said estate, and with which she is not charged in said settlement.

"5. That she never received the watch chain mentioned in the exceptions.

"6. That she is improperly credited with $8.00 paid W. O. Johnson and P. L. Berkshire as witness fees."

From the judgment directing her to reform her settlement as executrix in accordance with these facts, the executrix has appealed.

She first contends that under a proper construction of her father's will she is entitled to all the tangible personal property and $500 in money. This contention is made under this clause of the will: "I hereby bequeath May Edna Dixon my household furniture bedding and all concerned she shall controll my affairs on my last days also see that my expenses is paid and she shall have $500. for my keep and burial expenses the balance of my money to be divided between the satisfied heirs equally. And if any objections is made then their part is to be null and void." Of course, the intention of the testator must be ascertained from the will as a whole, but there is nothing in this will tending to show that the testator intended appellant should have any property other than the household furniture and bedding and $500 in money, unless the words "all concerned" were intended by him to refer to the other property. The will is not artfully drawn, but, with the words "all concerned" eliminated, the testator's intention is perfectly clear. It is not clear in what sense the testator used the quoted words, but we are convinced they are not susceptible of the construction placed on them by appellant. She construed them as referring to all tangible personal property owned by the testator other than household furniture and bedding, but, if the testator intended by this phrase to refer to property it was only to such property as pertained to household furniture and bedding, and a kit of tools and clothing do not fall in this classification. It is probable that the word "to" was omitted before the words "all concerned," and that the testator intended to say "and to all concerned she shall control my affairs on my last days." Be this as it may, the will in no event is susceptible of the construction urged by appellant.

Appellees attempted to show that the testator had more than $613 in money at the time of his death which came into the possession of the executrix. He received a pension from the United States government of $72 a month. From August 9, 1924, to May 5, 1926, he lived with his daughter, Mrs. Bettie Adkins, one of the appellees, when he went to the home of appellant to live,

where he remained until his death. He paid each of these daughters $16 a month for board and lodging. Mrs. Adkins testified that while he was at her home he carried his money in two pocketbooks—in one of which he carried his current expense money, in the other, which he referred to as his bank, he carried his paper money of large denominations. She testified that, when he left her home, he had $2,400 in this pocketbook, consisting principally of $100 bills. Another daughter, Mrs. Arta Ray, testified that the testator opened this pocketbook in her presence on one occasion while he was making his home at Mrs. Dixon's and, while she did not count it, there was a large roll of paper money in it. Appellees also proved that the testator was economical in his habits and spent little money except what he paid for board and lodging.

Appellant testified that, after her father's death, she found his pocketbook concealed under a rug in his room and that it contained $513. When the will was presented for probate, all the interested parties were present. Mrs. Dixon was asked how much money her father left, and she replied that he left $800; that $500 had been bequeathed to her, and there was $300 to be divided among the children, and she then had the money with her, and was ready to distribute it in accordance with the terms of the will. She denied making these statements, but she is contradicted by the four appellees and the county judge. The evidence was not sufficient to trace any other funds into appellant's hands, but the evidence was sufficient to sustain the finding of the circuit judge that $300 had come into her hands which had not been accounted for by her in her settlement. The evidence as to the value of the kit of tools and clothing is not wholly satisfactory, but there was some evidence authorizing the value placed thereon by the lower court, and we are not inclined to disturb the judgment on this ground. The tools were moved from the home of Mrs. Adkins to the home of appellant soon after the testator went to appellant's home to live, and appellant was unable to account for any substantial portion of the tools. She admits that she appropriated the clothing referred to in the judgment, but claims she was entitled to it under the will, but which we have found did not pass to her under that instrument.

The judgment is affirmed.